FRANK SULLIVAN SMITH, as Receiver of the WORCESTER CYCLE MANUFACTURING COMPANY, Respondent, *v.* EDWARD P. COE et al., Composing the Copartnership of CADENAS & Co., Appellants.

(Submitted March 24, 1902; decided April 1, 1902.)

MOTION to amend remittitur and for reargument. (See 170 N. Y. 162.)

O'BRIEN, J. The learned counsel for the defendants has submitted two motions to the court in this case, one to so amend the remittitur as to provide that the dismissal of the counterclaim be without prejudice to any action by the defendants against the plaintiff for breach of warranty on the theory that such defense, not having been pleaded, was not actually passed upon at the trial. While we are not able to see how

that amendment will benefit him, in view of the decision of the main questions, yet as the effect of it is not now a question before us, we see no reason for denying the application, and so it should be granted.

The other motion is for a reargument, on the ground that certain points and authorities contained in the printed briefs and oral arguments were overlooked. It is but fair to say that in so far as the opinion in the case deals with the question of pleading, and in so far as it is asserted that the answer was not sufficient to present any issue of fact for trial, it should be modified. The suggestions made by the learned counsel for the defendants on this motion have satisfied us that upon a fair construction of the answer, taken as a whole, and in view of the fact that no specific objection was made at the trial based upon its insufficiency, it should be treated in this court as tendering an issue upon some material allegations of the complaint. But it will be seen from the opinion that the decision of the case did not rest upon that point. What we considered as one of the fundamental questions was whether the sale was a sale by sample, and we adhere to the views expressed in the opinion on that point.

It was a contract on the part of the plaintiff to manufacture for the defendants wheels of a certain type, according to the specifications and descriptions contained in the order. The mere fact that a particular wheel was shown to the buyers as a specimen of the goods to be produced, with certain changes and modifications, did not give to the contract the character of a sale of goods by sample. The contention of the learned counsel for the defendants requires us to hold, as matter of law, that it did, and we still think that the contention cannot be upheld.

The other point is that, under the contract, the defendants had the right, as matter of law, to inspect and reject the goods at the place of their ultimate destination in Germany, where the defendants had contracted with their own vendee to deliver them. The plaintiff, so far as appears, had no relations whatever with the German firm and the fulfillment of the contract was not dependent, in any respect, upon their action. The plaintiff's contract was with the defendants,

doing business in New York, and he agreed to deliver the goods on board the steamer at the dock in that city, at such times and in such quantities as would enable the defendants to ship them to their customers in Europe. The contract will not bear any such construction as would ' enable the defendants, or their correspondent in. Germany, to reject the goods after their arrival there, and thus leave the plaintiff with a large amount of goods upon his hands on the other side of the ocean. The cases cited in support of this motion do not sustain the defendants' contention in that respect. It cannot be held, as matter of law, either that the parties contracted for a sale of goods by sample, or that the goods were to be inspected in Europe and there rejected if not found to be of such a character or quality as specified in the contract; and these propositions were decisive of the appeal.

The *motion for a reargument should be denied.*

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Motion denied.